UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA LYNN CLOUGH,<br><br>Defendant. | Case No. 1:20-cr-105-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Jessica Clough's motion for early termination from supervised release. Dkt. 2. The Government opposes the motion. Dkt. 4. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On April 20, 2017, in the District of Montana, Ms. Clough pled guilty to wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1957, and income tax evasion in violation of 26 U.S.C. § 7201. On September 14, 2017, Judge Molloy sentenced her to 51 months incarceration followed by 3 years of supervised release. Judge Molloy also ordered Ms. Clough to pay $779,981.26 in restitution.

Ms. Clough was released from the Bureau of Prisons and began her

supervision on May 29, 2020. A few months later, supervision was transferred to the District of Idaho. There have been no issues of non-compliance during her term of supervised released. Although she makes regular payments towards restitution, $762,621.88 remails unfulfilled. Ms. Clough's supervision is scheduled to expire May 28, 2023.

## DISCUSION

Because Ms. Clough has served more than a year of supervised release, the Court may terminate supervised release if it determines "that such action is warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Just as a court has broad discretion in imposing terms of supervised release, it has broad discretion to consider a "wide range of circumstances" in

determining whether to terminate an individual's supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).

After having considered these factors, the Court concludes that the interests of justice do not warrant early termination of supervision. The Court commends Ms. Clough for her exemplary performance on supervision. However, given the significant amount of restitution outstanding, the Court finds that "the need to provide restitution to any victims of the offense" weighs against early termination. 18 U.S.C. § 3553(a)(7). The Court understands that Ms. Clough and her family would like to move to another state, but, as the government points out, that can be facilitated through a transfer—rather than a termination—of supervision.

## ORDER

**IT IS ORDERED that:**

1. Defendant's Motion to terminate supervised release (Dkt. 2) is **DENIED**.

DATED: October 11, 2022

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**

**MEMORANDUM DECISION AND ORDER - 4**